IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

I.B.,
    Plaintiff,

vs.                                                          Civ. No. 25-37 GBW/SCY

GANJAWALA & KHOLWAD, LLC,
    Defendant.

**ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM**

This matter comes before the Court on Plaintiff's Motion to Proceed Under Pseudonym for Pretrial Proceeding. Doc. 8. On January 13, 2025, Plaintiff filed her complaint using the initials I.B. Doc. 1. Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Therefore, the Court issued a Notice Regarding Use of Pseudonym, requiring Plaintiff to file a motion to proceed anonymously by February 17, 2025. Doc. 6. Plaintiff timely filed her motion, Doc. 8, which Defendant partially opposes, Doc. 13.[1]

The Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

---

[1] Plaintiff did not file a reply and her time to do so has expired. *See* D.N.M. LR-Civ. 7.4(a).

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ*., 127 F. App'x 409, 411 (10th Cir. 2005).

In this case, the Court finds that I.B. has met her burden of showing that the need for anonymity outweighs the public interest in favor of openness. I.B. alleges that when she was a minor, she was a victim of sex trafficking. Doc. 1 ¶¶ 7-8; Doc. 8 at 3-4. Her allegations of sexual abuse are of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. Indeed, "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (citing *Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir. 1997)); *see also Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."). The Court notes that, in allowing Plaintiff to proceed under a pseudonym, hearings and filings connected to this case will be open to the public (albeit sometimes slightly redacted), and the Court is unaware of any significant interest the public might have in I.B.'s identity in connection with this case.

Although Defendant does not dispute Plaintiff's privacy concerns, it objects to Plaintiff's use of a pseudonym because it argues that it will be prejudiced by the "inability to know against whose allegations [it is] defending." Doc. 13 at 5. This prejudice can be cured by requiring Plaintiff to disclose her name to the defense and the Court. *See W.N.J. v. Yocom*, 257 F.3d 1171,

2

1172 (10th Cir. 2001) ("If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter."). Thus, Defendant will not be hampered in its efforts to investigate and defend against the allegations.[2] *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice to the defendants where the defendants were provided the plaintiff's full name).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Under Pseudonym for Pretrial Proceedings (Doc. 8) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall file, no later than **May 2, 2025**, an unredacted complaint under seal that places on the record I.B.'s real name as the party in interest. In all other filings, Plaintiff may proceed as I.B.

_____
Steven C. Yarbrough
United States Magistrate Judge

---

[2] Defendant also argues that it is prejudiced by Plaintiff's failure to identify the alleged trafficker in her complaint. Doc. 13 at 2-3. Whether Plaintiff must disclose such information is unrelated to whether she can proceed under a pseudonym and so is not presently before the Court.

3