# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

I.B.,

     Plaintiff,

vs.                                                                      Civ. No. 25-37 GBW/SCY

GANJAWALA & KHOLWAD, LLC,

     Defendant.

## <u>ORDER DENYING MOTION FOR EXTENSION</u>

This matter is before the Court on Plaintiff's opposed Motion to Extend the Discovery End Date. Doc. 43; *see also* Doc. 47 (response).[1] At the start of the case, on May 6, 2025, the Court entered a scheduling order setting the following deadlines: discovery due by November 3, 2025; pretrial motions filed by December 3, 2025. Doc. 21. On October 1, 2025, Defendant filed a motion for summary judgment, Doc. 39, which is currently pending. On October 27—one week before the discovery end date—Plaintiff filed the present motion for extension. She asserts that because Defendant filed its motion for summary judgment early (33 days before the end of the discovery period), discovery has been curtailed and as such, should summary judgment be denied, the Court should extend the discovery deadline.

Scheduling orders "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court" and one factor to consider is "whether the moving party was diligent in obtaining discovery within the guidelines established by the court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat.*

---

[1] Plaintiff did not file a reply and her time to do so has expired. *See* D.N.M. LR-Civ. 7.4(a).

*Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation marks omitted). "Rule

16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.

Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to

permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. CIV

02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007).

Here, the only good cause Plaintiff offers to support extending the scheduling order is

that Defendant filed a motion for summary judgment prior to the close of discovery, "curtailing

the discovery period." Doc. 43 at 1. However, Plaintiff fails to explain how Defendant filing a

motion prevented her from completing the discovery she deemed necessary. For example,

Defendant did not accompany its motion for summary judgment with a motion to stay discovery.

And a motion for summary judgment may be filed "at any time," prior to the dispositive motion

deadline. Fed. R. Civ. P. 56(b). Indeed, Plaintiff argues that "[t]he making of the motion with

thirty-three days remaining for discovery impeded 30(b)(6) depositions from occurring . . .,"

Doc. 43 at 2, but does not cite any authority in support of this proposition. The Court is unaware

of any authority that holds the filing of a motion for summary judgment halts the ability to take

depositions and Plaintiff has not shown that she exercised any diligence in setting Rule 30(b)(6)

depositions. To the contrary, Defendant points out that the only discovery Plaintiff has engaged

in since entry of the May 6, 2025 scheduling order was to serve Defendant with interrogatories

and requests for production on May 21, 2025. *See* Doc. 25 (certificate of service). And, as

Defendant explains, by the time it filed it motion for summary judgment—33 days prior to the

close of discovery—"Plaintiff [had] not reached out to undersigned counsel to discuss scheduling

a deposition in this matter, nor has she noticed a single deposition." Doc. 47 at 2.

The Court finds that Defendant's mere filing of a dispositive motion prior to the end of the discovery period, without any indication why that filing would halt discovery or how Plaintiff has been diligent in conducting discovery, does not create good cause for an extension. As such, the Court DENIES Plaintiff's Motion to Extend the Discovery End Date (Doc. 43).

**IT IS SO ORDERED.**

_____
Steven C. Yarbrough
United States Magistrate Judge